UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 23-81320-CIV-CANNON

**COMMODITY FUTURES TRADING COMMISSION**,

    Plaintiff,

v.

**MOSAIC EXCHANGE LIMITED** and
**SEAN MICHAEL**,

    Defendants.
_____/

## FINAL DEFAULT JUDGMENT AND ENTRY OF INJUNCTIVE RELIEF

**THIS MATTER** comes before the Court upon Plaintiff's Motion for Default Final Judgment against Defendants Mosaic Exchange Limited and Sean Michael (the "Motion") [ECF No. 29] and the Court's Order Granting the Motion (the "Order") [ECF No. 48].

In accordance with Rule 58 of the Federal Rules of Civil Procedure, and following review of Plaintiff's proposed Final Default Judgment Order [ECF No. 29-3], it is hereby **ORDERED AND ADJUDGED** as follows:

1. Pursuant to the Court's Order [ECF No. 48], final default judgment is entered in favor of Plaintiff Commodity Futures Trading Commission and against Defendants Mosaic Exchange Limited and Sean Michael.

2. **Injunctive relief**. Under 7 U.S.C. § 13a-1, Defendants are permanently restrained, enjoined, and prohibited from directly or indirectly, in connection with a futures contract, a swap, or a contract of sale of any commodity in interstate commerce, intentionally or recklessly, engaging in conduct in violation of 7 U.S.C. §§ 6b(a)(2)(A) or (C), 6o, or 9(1);

and/or 17 C.F.R. §§ 4.41(a) or 180.1(a).

3. In particular, Defendants are permanently restrained, enjoined, and prohibited from directly or indirectly, in connection with a futures contract, a swap, or a contract of sale of any commodity in interstate commerce, intentionally or recklessly:

   a. Making any misrepresentation of material fact on any website(s), advertisement(s), and/or in any electronic and other direct communication(s) concerning assets under management, rates of return, profitability, win rates, actual trading results, and/ partnership or broker agreements;

   b. Omitting or failing to disclose any material fact concerning assets under management, rates of return, profitability, win rates, actual trading results, and/or partnership or broker agreements;

   c. Misappropriating customer funds to pay for personal, restaurant, or travel expenses; or

   d. Engaging in any other conduct that cheats or defrauds or attempts to cheat or defraud the other person; willfully deceives or attempts to deceive the other person in regard to any order or contract (7 U.S.C. § 6b(2)(A) and (C)); or to employ any device, scheme or artifice to defraud any customer, or to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any customer (7 U.S.C. § 6o and 17 C.F.R. § 4.41(a)); or to use or employ, or attempt to use or employ, any manipulative or deceptive device or contrivance, in contravention of Commission rules and regulations (7 U.S.C. § 9(1) and 17 C.F.R. § 180.1(a)).

4. Defendants are also permanently restrained, enjoined, and prohibited from:

   a. Trading on or subject to the rules of any registered entity (as that term is defined by 7 U.S.C. § 1a(40));

   b. Entering into any transactions involving "commodity interests" (as that term is defined in 17 C.F.R. § 1.3) or digital asset commodities as described herein, including Bitcoin, for any account held in either of their names or for any account in which either of them has a direct or indirect interest;

   c. Having any commodity interests or digital asset commodities, including Bitcoin, traded on either of their behalf;

   d. Controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity interests or digital asset commodities, including Bitcoin;

   e. Soliciting, receiving, or accepting any funds from any person for the purpose of purchasing or selling of any commodity interests or digital asset commodities, including Bitcoin;

   f. Applying for registration or claiming exemption from registration with the CFTC in any capacity, and engaging in any activity requiring such registration or exemption from registration with the CFTC except as provided for in 17 C.F.R. § 4.14(a)(9); and

   g. Acting as a principal (as that term is defined in 17 C.F.R. § 3.1(a)), agent, or any other officer or employee of any person (as that term is defined in 7 U.S.C. § 1a(38)), registered, exempted from registration, or required to be registered with the CFTC except as provided in 17 C.F.R. § 4.14(a)(9).

5. **Restitution**. Defendants' violations of the Commodity Exchange Act and its Regulations as charged merit the award of restitution. Accordingly, Defendants shall pay, jointly and severally, restitution in the amount of four hundred sixty-eight thousand five hundred and sixty-one dollars and sixty-four cents ($468,614.63) ("Restitution Obligation"), representing losses to the 18 persons as explained in the Order and in Plaintiff's Motion.

   a. Defendants shall pay the Restitution Obligation within thirty (30) days of the date of the entry of this Order, in accordance with the procedures set forth below. If the Restitution Obligation is not paid within thirty (30) days of the date of the entry of this Order, post-judgment interest shall accrue on the Restitution Obligation beginning on the date of entry of this Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Order pursuant to 28 U.S.C. § 1961.

   b. To effect payment of the Restitution Obligation and the distribution of any restitution payments to Defendants' customers, the Court appoints the National Futures Association ("NFA") as Monitor ("Monitor"). The Monitor shall receive restitution payments from Defendants and make distributions as set forth below. Because the Monitor is acting as an officer of this Court in performing these services, the NFA shall not be liable for any action or inaction arising from NFA's appointment as Monitor, other than actions involving fraud.

   c. Defendants shall make Restitution Obligation payments, and any post-judgment interest payments, under this Order to the Monitor in the name "**Mosaic Exchange Limited and Sean Michael Restitution Fund**" and shall send such payments by electronic funds transfer, or by U.S. postal money order, certified check, bank

cashier's check, or bank money order, to the Office of Administration, National Futures Association, 300 South Riverside Plaza, Suite 1800, Chicago, Illinois 60606 under cover letter that identifies the paying Defendant and the name and docket number of this proceeding. The Defendant making the payment shall simultaneously transmit copies of the cover letter and the form of payment to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581.

d.  The Monitor shall oversee the Restitution Obligation and shall have the discretion to determine the manner of distribution of such funds in an equitable fashion to Defendants' customers identified by Plaintiff in Exhibit 1 to the August 9, 2024 Declaration of Kara L. Mucha [ECF Nos. 29-1, 29-2], or may defer distribution until such time as the Monitor deems appropriate. In the event that the amount of Restitution Obligation payments to the Monitor are of a de minimis nature such that the Monitor determines that the administrative cost of making a distribution to eligible customers is impractical, the Monitor may, in its discretion, treat such restitution payments as civil monetary penalty payments, which the Monitor shall forward to Plaintiff following the instructions for civil monetary penalties payment set forth below.

e.  Defendants shall cooperate with the Monitor as appropriate to provide such information as the Monitor deems necessary and appropriate to identify Defendants' customers to whom the Monitor, in its sole discretion, may determine to include in any plan for distribution of any Restitution Obligation payments. Mosaic shall execute any documents necessary to release funds that it has in any

repository, bank, investment or other financial institution, wherever located, in order to make partial or total payment toward the Restitution Obligation. Michael shall execute any documents necessary to release funds that he has in any repository, bank, investment or other financial institution, wherever located, in order to make partial or total payment toward the Restitution Obligation.

f. The Monitor shall provide the Commission at the beginning of each calendar year with a report detailing the disbursement of funds to Defendants' customers during the previous year. The Monitor shall transmit this report under a cover letter that identifies the name and docket number of this proceeding to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581.

g. The amounts payable to each customer shall not limit the ability of any customer from proving that a greater amount is owed from Defendants or any other person or entity, and nothing herein shall be construed in any way to limit or abridge the rights of any customer that exist under state or common law.

h. Under Rule 71 of the Federal Rules of Civil Procedure, each customer of Defendants who suffered a loss is explicitly made an intended third-party beneficiary of this Order and may seek to enforce obedience of this Order to obtain satisfaction of any portion of the restitution that has not been paid by Defendants to ensure continued compliance with any provision of this Order and to hold Defendants in contempt for any violations of any provision of this Order.

i. To the extent that any funds accrue to the U.S. Treasury for satisfaction of Defendants' Restitution Obligation, such funds shall be transferred to the Monitor

for disbursement in accordance with the procedures set forth above.

6. **Disgorgement**.  Defendants shall pay, jointly and severally, disgorgement in the account of sixty thousand nine hundred and seventy-nine dollars and forty-five cents ($60,979.45) ("Disgorgement Obligation"), representing the gains received in connection with Defendants' violations described in the Order.  The Defendants shall pay the Disgorgement Obligation within thirty (30) days of the date of the entry of this Order, in accordance with the procedures set forth below.  If the Disgorgement Obligation is not paid within thirty (30) days of the date of the entry of this Order, then post-judgment interest shall accrue on the Disgorgement Obligation beginning on the date of entry of this Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Order pursuant to 28 U.S.C. § 1961.

    a. Defendants shall pay their Disgorgement Obligation and any post-judgment interest by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order. If payment is to be made other than by electronic funds transfer, then the payment shall be made payable to the Commodity Futures Trading Commission and sent to the address below:

        MMAC/ESC/AMK326
        Commodity Futures Trading Commission
        6500 S. MacArthur Blvd.
        HQ Room 266
        Oklahoma City, OK 73169
        9-amc-ar-cftc@faa.gov

    If payment by electronic funds transfer is chosen, Defendants shall contact Tonia King or her successor at the address above to receive payment instructions and shall fully comply with those instructions. The Defendant making such payment shall accompany payment of the Disgorgement Obligation with a cover letter that

identifies the paying Defendant and the name and docket number of this proceeding. The Defendant making the payment shall simultaneously transmit copies of the cover letter and the form of payment to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581.

7. **Civil Monetary Penalty**.  The Court finds that, based on Defendants' intentional and egregious conduct, a civil monetary penalty of six hundred and sixty thousand dollars ($660,000) ("CMP Obligation") as to Defendants, jointly and severally, is warranted.

    a. Defendants shall pay the CMP Obligation within thirty (30) days of the date of the entry of this Order, in accordance with the procedures set forth below. If the CMP Obligation is not paid in full within thirty (30) days of the date of the entry of this Order, then post-judgment interest shall accrue on the unpaid portion of the CMP Obligation beginning on the date of entry of this Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Order pursuant to 28 U.S.C. § 1961.

    b. Defendants shall pay the CMP Obligation and any post-judgment interest by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order.  If payment is to be made other than by electronic funds transfer, then the payment shall be made payable to the Commodity Futures Trading Commission and sent to the address below:

        MMAC/ESC/AMK326
        Commodity Futures Trading Commission
        6500 S. MacArthur Blvd.
        HQ Room 266
        Oklahoma City, OK 73169
        9-amz-ar-cftc@faa.gov

    c. If payment by electronic funds transfer is chosen, the Defendant making such payment shall contact Tonia King or her successor at the address above to receive payment instructions and shall fully comply with those instructions. The Defendant making such payment shall accompany payment of their CMP Obligation with a cover letter that identifies the paying Defendant and the name and docket number of this proceeding. The Defendant making the payment shall simultaneously transmit copies of the cover letter and the form of payment to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581.

8. **Miscellaneous provisions**.

    a. <u>Partial Satisfaction</u>: Acceptance by the CFTC, or the Monitor, of any partial payment of the Restitution Obligation, Disgorgement Obligation, or CMP Obligations shall not be deemed a waiver of Defendants' obligation to make further payments pursuant to this Order, or a waiver of the CFTC's right to seek to compel payment of any remaining balance.

    b. Until such time as Defendants satisfy in full their Restitution, Disgorgement and CMP Obligations under this Order, upon the commencement by or against any of Defendants of insolvency, receivership or bankruptcy proceedings, or any other proceedings for the settlement of any of Defendants' debts, all notices to creditors required to be furnished to the Commission under Title 11 of the United States Code or other applicable law with respect to such insolvency, receivership bankruptcy or other proceedings, shall be sent to the address below:

>   Secretary of the Commission
>   Office of the General Counsel
>   Commodity Futures Trading Commission
>   Three Lafayette Centre
>   1155 21st Street NW
>   Washington, D.C. 20581

c. <u>Notice</u>: All notices required to be given by any provision in this Order shall be sent certified mail, return receipt requested, as follows:

>   **Notice to Commission**:
>   Rick Glaser
>   Deputy Director, Division of Enforcement
>   Commodity Futures Trading Commission
>   Three Lafayette Centre
>   1155 21st Street, NW
>   Washington, D.C. 20581

All such notices to the CFTC shall reference the name and docket number of this action.

d. <u>Invalidation</u>: If any provision of this Order or if the application of any provision or circumstance is held invalid, then the remainder of this Order and the application of the provision to any other person or circumstance shall not be affected by the holding.

e. <u>Continuing Jurisdiction of this Court</u>: This Court shall retain jurisdiction of this action to ensure compliance with this Order and for all other purposes related to this action, including any motion by any Defendant to modify or for relief from the terms of this Order.

f. <u>Injunctive, Statutory and Equitable Relief Provisions</u>: The injunctive, statutory equitable relief provisions of this Order shall be binding upon each Defendant, upon any person under his authority or control, and upon any person who receives actual notice of this Order, by personal service, e-mail, facsimile or otherwise insofar as

he or she is acting in active concert or participation with any Defendant.

9. The Clerk is directed to **CLOSE** this case.

10. The Clerk is directed to **MAIL** a copy of this Order to Defendants' addresses listed below.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 30th day of December 2024.

_____
**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:  Mosaic Exchange Limited
Registered Agent: Northwest Registered Agent
502 West 7th Street, Suite 100
Erie, Pennsylvania 16502

Sean Michael
407 Lincoln Road 6H-138,
Miami Beach, Florida 33139
Pro Se